IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6263  CR-FERGUSON**
18 U.S.C. § 664
18 U.S.C. § 1027
18 U.S.C. § 1341

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
    v.                       )
                             )
DEBRA WEILER,                )
                             )
            Defendant.       )

FILED by ____ D.C.
SEP - 7 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### INDICTMENT

The Grand Jury charges that:

#### COUNT 1 (18 U.S.C. § 664 Embezzlement)

From on or about September 14, 1995 through August 12, 1996, in the Southern District of Florida and elsewhere, DEBRA WEILER did embezzle, steal, and unlawfully and willfully abstract and convert to her own use in the approximate amount of $44,513.00, the moneys, funds, securities, premiums, credits, property and other assets of the Marine Engineers Beneficial Association (MEBA) Medical and Benefits Plan, an employee welfare benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974 and of a fund connected with such plan.

All in violation of Title 18, United States Code, Section 664.

1



<u>COUNTS 2-15 (18 U.S.C. §1341 Mail Fraud)</u>

At all times relevant to this Indictment:

GENERAL ALLEGATIONS

1. The MEBA Medical and Benefits Plan was an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA") and was established for the purpose of providing health and other welfare benefits to its participants and their eligible dependents.

2. The National Federation of Public and Private Employees was an employer participating in the MEBA Medical and Benefits Plan.

3. DEBRA WEILER was employed by the National Federation of Public and Private Employees.

4. Pursuant to her employment, DEBRA WEILER was eligible to participate and did participate in the MEBA Medical and Benefits Plan. Under the terms of the MEBA Medical and Benefits Plan, the eligible dependents of a participant are covered by the MEBA Medical and Benefits Plan as beneficiaries. The eligible dependents of DEBRA WEILER covered under the MEBA Medical and Benefits Plan were her spouse, Richard Weiler, and her three children, Eric Weiler, Brian Weiler and Jennifer Weiler.

5. The MEBA Medical and Benefits Plan provided DEBRA WEILER and her eligible dependents with certain health care coverage, including but not limited to coverage for prescription drugs and medicines.

SCHEME AND ARTIFICE TO DEFRAUD

6. From on or about September 14, 1995 through August 1996, DEBRA WEILER

2

devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises from the MEBA Medical and Benefits Plan. As part of this scheme and artifice to defraud, DEBRA WEILER submitted claims on her own behalf and on behalf of her eligible dependents, as set forth more specifically below, to the MEBA Medical and Benefits Plan to reimburse her for prescription expenses allegedly incurred at the Plantation Community Pharmacy in Plantation, Florida. In fact, neither DEBRA WEILER nor her eligible dependents had valid prescriptions for the medications described in these claims.

7. In accordance with the terms of the MEBA Medical and Benefits Plan, these claims for reimbursement were processed by the Plan and were paid directly to DEBRA WEILER by checks forwarded through the United States Mail to DEBRA WEILER's home address.

8. As set forth in the chart below, from on or about September 14, 1995 through August 1996, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, DEBRA WEILER, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and attempting to do so, knowingly caused the MEBA Medical and Benefits Plan to place in an authorized depository for mail matter to be delivered by the United States Postal Service on the approximate dates listed below, according to the directions thereon, reimbursement checks for prescription drug and medicine claims submitted by DEBRA WEILER for herself and her eligible dependents Richard Weiler, Brian Weiler, Eric Weiler and Jennifer Weiler all in violation of 18 U.S.C. § 1341:

| COUNT | CHECK DATE (MAILING) | CHECK NUMBER |
|---|---|---|
| Count 2 | Sept. 18, 1995 | 20-870987<br>20-870988 |
| Count 3 | Sept. 25, 1995 | 20-872172<br>20-872173 |
| Count 4 | Oct. 23, 1995 | 20-877213<br>20-877214<br>20-877215 |
| Count 5 | Dec. 4, 1995 | 20-884670<br>20-884671<br>20-884672<br>20-884673 |
| Count 6 | Jan. 10, 1996 | 20-891999<br>20-892000 |
| Count 7 | Jan. 22, 1996 | 20-894403<br>20-894404 |
| Count 8 | Jan. 29, 1996 | 20-896136 |
| Count 9 | Feb. 26, 1996 | 20-901559<br>20-901560 |
| Count 10 | March 4, 1996 | 20-902966<br>20-902967 |
| Count 11 | April 22, 1996 | 20-912284<br>20-912285<br>20-912286<br>20-912287 |
| Count 12 | May 6, 1996 | 20-914756<br>20-914757<br>20-914758<br>20-914759<br>20-914760<br>20-914761<br>20-914762<br>20-914763 |
| Count 13 | May 27, 1996 | 20-918426 |

| COUNT | CHECK DATE (MAILING) | CHECK NUMBER |
|---|---|---|
| Count 14 | June 24, 1996 | 20-924894<br>20-924895<br>20-924896 |
| Count 15 | August 12, 1996 | 20-933600<br>20-933601<br>20-933602 |

COUNT 16 (18 U.S.C. § 1027 False Statement)

At all times relevant to this Indictment:

1. Paragraphs 1 through 6 of Count Two of this Indictment are incorporated by reference as though fully set forth herein.

2. From on or about September 14, 1995 through August 1996, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, in documents required by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to be kept as part of the records of the MEBA Medical and Benefits Plan, an employee welfare benefit plan, the defendant DEBRA WEILER did make and cause to be made false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose facts, which were necessary to verify, explain, clarify and check for accuracy and completeness the Annual Report Form 5500 for calendar years ending 1995 and 1996, a report required by ERISA to be published, that is DEBRA WEILER knowingly submitted MEBA "Statement of Claim for Members" forms, and attached to the claim forms MEBA "Pharmacist's Statement" forms and pharmacy receipts that falsely listed prescription claims for DEBRA WEILER in violation of 18 U.S.C. § 1027.

5

### COUNT 17 (18 U.S.C. § 1027 False Statement)

1. Paragraphs 1 through 6 of Count Two are incorporated by reference as though fully set forth herein.

2. From on or about September 18, 1995 through August 1996, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, in documents required by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to be kept as part of the records of the MEBA Medical and Benefits Plan, an employee welfare benefit plan, the defendant DEBRA WEILER did make and cause to be made false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose facts, which were necessary to verify, explain, clarify and check for accuracy and completeness the Annual Report Form 5500 for calendar years ending 1995 and 1996, a report required by ERISA to be published, that is DEBRA WEILER knowingly submitted MEBA "Statement of Claim for Dependents" forms, and attached to the claim forms MEBA "Pharmacist's Statement" forms and pharmacy receipts that falsely listed prescription claims for Brian Weiler in violation of 18 U.S.C. § 1027.

### COUNT 18 (18 U.S.C. § 1027 False Statement)

1. Paragraphs 1 through 6 of Count Two are incorporated by reference as though fully set forth herein.

2. From on or about September 18, 1995 through August 1996, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, in documents required by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to be kept as part of the records of the MEBA Medical and Benefits Plan, an employee welfare benefit

6

plan, the defendant DEBRA WEILER did make and cause to be made false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose facts, which were necessary to verify, explain, clarify and check for accuracy and completeness the Annual Report Form 5500 for calendar years ending 1995 and 1996, a report required by ERISA to be published, that is DEBRA WEILER knowingly submitted MEBA "Statement of Claim for Dependents" forms, and attached to the claim forms MEBA "Pharmacist's Statement" forms and pharmacy receipts that falsely listed prescription claims for Richard Weiler in violation of 18 U.S.C. § 1027.

### COUNT 19 (18 U.S.C. § 1027 False Statement)

1. Paragraphs 1 through 6 of Count Two are incorporated by reference as though fully set forth herein.

2. From on or about September 14, 1995 through August 1996, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, in documents required by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to be kept as part of the records of the MEBA Medical and Benefits Plan, an employee welfare benefit plan, the defendant DEBRA WEILER did make and cause to be made false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose facts, which were necessary to verify, explain, clarify and check for accuracy and completeness the Annual Report Form 5500 for calendar years ending 1995 and 1996, a report required by ERISA to be published, that is DEBRA WEILER knowingly submitted MEBA "Statement of Claim for Dependents" forms, and attached to the claim forms MEBA "Pharmacist's Statement" forms and pharmacy receipts that falsely listed prescription claims for

7

Jennifer Weiler in violation of 18 U.S.C. § 1027.

<u>COUNT 20 (18 U.S.C. § 1027 False Statement)</u>

1. Paragraphs 1 through 6 of Count Two are incorporated by reference as though fully set forth herein

2. From on or about September 21, 1995 through August 1996, the exact dates being unknown to the Grand Jury, in the Southern District of Florida and elsewhere, in documents required by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") to be kept as part of the records of the MEBA Medical and Benefits Plan, an employee welfare benefit plan, the defendant DEBRA WEILER did make and cause to be made false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose facts, which were necessary to verify, explain, clarify and check for accuracy and completeness the Annual Report Form 5500 for calendar years ending 1995 and 1996, a report required by ERISA to be published, that is DEBRA WEILER knowingly submitted MEBA "Statement of Claim for Dependents" forms, and attached to the claim forms MEBA "Pharmacist's Statement" forms and pharmacy receipts that falsely listed prescription claims for Eric Weiler in violation of 18 U.S.C. § 1027.

A TRUE BILL

_Leonard [signature]_
FOREPERSON

_[signature]_ For
BRUCE G. OHR
ACTING UNITED STATES ATTORNEY
IN THIS MATTER

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**  CASE NO. _____

v.  **CERTIFICATE OF TRIAL ATTORNEY\***

DEBRA WEILER  **Superseding Case Information**:

**Court Division**: (Select One)  
New Defendant(s) Yes ___ No ___  
Number of New Defendants ___  
___ Miami ___ Key West  Total number of counts ___  
X  FTL ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No) __No__  
List language and/or dialect _____

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:  
(Check only one)  (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | x | Petty | |
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | x |
| V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__  
If yes:  
Judge: _____  Case No. _____  
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) __No__  
If yes:  
Magistrate Case No. _____  
Related Miscellaneous numbers: _____  
Defendant(s) in federal custody as of _____  
Defendant(s) in state custody as of _____  
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _x_ No    If yes, was it pending in the Central Region? ___ Yes _x_ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _x_ No

_____  
JULIA J. STILLER  
DEPARTMENT OF JUSTICE ATTORNEY  
I.D. # A5500485

\*Penalty Sheet(s) attached    REV.6/27/00

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: __Debra Weiler_____ No.: _____

Count #: 1          18 U.S.C. § 664 - Embezzlement

*Max. Penalty: Not more than 5 years; not more than $250,000 fine

Counts #: 2 - 15        18 U.S.C. 1341 - Mail Fraud

*Max. Penalty: Not more than 5 years; not more than $250,000 fine

Counts #: 16 - 20        18 U.S.C. 1027 - False Statements in relation to ERISA

*Max. Penalty: Not more than 5 years; not more than $250,000 fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96