UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6263-CR-FERGUSON/SNOW



UNITED STATES OF AMERICA, )
)
          Plaintiff, )
v. )
)
DEBRA WEILER, )
)
          Defendant. )
_____)

### GOVERNMENT'S RESPONSE TO
### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    The government is unaware of any written or recorded statements made by the defendant.

         2.    Other than the statements made by the defendant during proffer sessions at which you were present, the government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

         3.    No defendant testified before the Grand Jury.

         4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

         5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the




   time at the United States Department of Labor, 6100 Hollywood Blvd., Hollywood, FL, Suite 504. Please call the undersigned to set up a date and time that is convenient to both parties.

   As we have discussed, the attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

  6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all

statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

- I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.
- J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.
- K. No contraband is involved in this indictment.
- L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.
- M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.
- N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

   The government hereby requests disclosure of a written summary of the testimony that the defendant reasonably expects to offer at trial under Rules 702, 703, 705, and 12.2(b), describing the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications.

- O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.
- P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

3

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

                                    Respectfully submitted,

                                    BRUCE G. OHR
                                  ACTING UNITED STATES ATTORNEY

By: _____
     Julia J. Stiller
     Department of Justice Attorney
     Court ID # A5500485
     500 East Broward Blvd.,
     Suite 700
     Fort Lauderdale, Florida
     Tel: (954) 356-7255 ext 3519

cc: Special Agent Jeff Himmel
    U.S. Department of Labor

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail September 28, 2000 to: Sandra Mullgrav, counsel for Debra Weiler, at 2699 Stirling Road, Suite B-301, Fort Lauderdale, Florida 33312.

Julia J. Stiller
Attorney